**Yitzchak Zelman, Esq., (AZ Bar ID 38827)**
**MARCUS & ZELMAN, LLC**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Tel:  (732) 695-3282**
**Fax: (732) 298-6256**
**Email: yzelman@marcuszelman.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Mary Makuc, and all similarly situated persons,** | Civil Case No.: |
| Plaintiff | |
| -against- | CLASS ACTION COMPLAINT AND JURY DEMAND |
| **Gabor Smatko, Monica Smatko, Mobilityless, LLC, Epizontech, LLC, Fountainmoons, LLC, Hillsunion, LLC, Mobilitytrend, LLC, Mogavike2020, LLC, and John Does I-X,** | |
| Defendants | |

   Mary Makuc of full age, brings this lawsuit by and through the undersigned attorney against Mobilityless, LLC, Gabor Smatko, Monica Smatko, Epizontech, LLC, Fountainmoons, LLC, Hillsunion, LLC, Mobilitytrend, LLC, and Mogavike2020, LLC.   The claims against the aforementioned defendants are brought individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information obtained by Plaintiff's counsel, and information within the personal knowledge of the Plaintiffs.

## JURISDICTION AND VENUE

**1.**    This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. §1964 of the Racketeer Influenced and Corrupt Organizations Act. Alternatively, Jurisdiction is appropriately laid in the United States District Court, District of Arizona under 28 U.S.C. §1332 as the parties are diverse and the relief sought exceeds $75,000.

**2.**    Venue is appropriately laid in the District Court of Arizona under 28 U.S.C. §1391 and 18 U.S.C. §1965 because the events causing the claim occurred substantially within the State of Arizona and Defendants have maintained sufficient minimum contacts with the Commonwealth of Arizona.

## **PARTIES**

**3.**    Plaintiff Mary Makuc resides in Monterey, Massachusetts.

**4.**    Defendant Gabor Smatko is a resident of Fountain Hills, Arizona and previously resided in Wallingford, Connecticut.  Mr. Smatko is the owner and sole member of Mobilityless, LLC, a corporation registered in the Commonwealth of Massachusetts.  Mr. Smatko regularly conducted business on behalf of Mobilityless, LLC across state lines.

**5.**    Defendant Monica Smatko (a/k/a "Monika Smatko") is a resident of Fountain Hills, Arizona and previously resided in Wallingford, Connecticut.  Monica Smatko is married to Gabor Smatko, and assisted in the unlawful concealment of assets.

**6.**    Defendant Mobilityless, LLC is a Massachusetts corporation with identification number 001344663.  Gabor Smatko was the sole owner and operator of Mobilityless, LLC and was personally responsible for all of its advertising and operations. The Secretary of The Commonwealth of Massachusetts issued an Order dissolving Mobilityless, LLC on December 30, 2022.

**7.**    Defendant Fountainmoons, LLC is an Arizona corporation owned by Monica Smatko. Defendant Fountainmoons, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.  Fountainmoons, LLC maintains an agent for service of process at Lodmell & Lodmell, PC 8160 E. Butherus, Suite 4, Scottsdale, Arizona 85260.

**8.**     Mobilitytrend, LLC is an Arizona corporation owned by Gabor Smatko.  Mobilitytrend, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko. Mobilitytrend, LLC maintains an agent for service of process with Steven Mob at 16739 E. El Lago Blvd, Fountian Hills, Arizona 85268.

**9.**     Epizontech, LLC is or was a Massachusetts corporation owned by Gabor Smatko.  According to the records maintained by the Commonwealth of Massachusetts, Epizontech, LLC is no longer operational.  Epizontech, LLC shared a location with Mobilityless, LLC and engaged in substantially the same business.  Epizontech, LLC continues to maintain active bank accounts.  Epinzontech, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko. The Secretary of The Commonwealth of Massachusetts issued an Order dissolving Mobilityless, LLC on June 30, 2021.

**10.**     Mogavike2020, LLC is an Arizona corporation owned by Monika Smatko.  Mogavike2020, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko. Mogavike2020, LLC maintains an agent for service of process at Lomdell & Lomdell, PC 8160 E. Butherus, Suite 4, Scottsdale, AZ 85260.

**11.**     Hillsunion, LLC is an Arizona corporation owned by Monica Smatko.  Hillsunion, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko. Hillsunion, LLC maintains an agent for service of process at Lomdell & Lomdell, PC 8160 E. Butherus, Suite 4, Scottsdale, AZ 85260.

## FACTUAL ALLEGATIONS

### BACKGROUND

**12.**     Dating back to at least 1999, Defendant Gabor Smatko, together with his wife Monika Smatko and son Kevin Smatko, has formed and operated more than a dozen related businesses.

**13.**     The businesses maintain separate bank accounts but routinely and freely transfer funds

between each other, maintaining no meaningful separation between the entities.

**14.**     The businesses function in two primary forms.

    a.   The first type of business engages primarily in the sale of electric scooters, tricycles, bicycles, and wheelchairs over the internet to elderly and disabled customers. These businesses include Mobilityless, LLC, Epizontech, LLC, and Mobilitytrend, LLC.

    b.   The second type of business exists primarily as a vehicle to hold real estate assets, many of which are income producing. These businesses include Mogavike2020, LLC, and Fountainmoons, LLC.

**15.**     In early 2006 the State of Connecticut filed a lawsuit against Monica, LLC d/b/a Omegastores.com and Gabor Smatko. The lawsuit, prosecuted by the Connecticut Attorney General's office, was docketed in the Hartford Judicial District under case number HHD-CV06-4021481-S.

**16.**     According to the First Amended Complaint filed by the State of Connecticut, Mr. Smatko and Monica LLC engaged in wrongful conduct violating the Connecticut Unfair Trade Practices Act including the following conduct:

11.    On many occasions, the Defendants shipped products to customers even after the customers communicated to the Defendants that they wished to cancel their orders because the product had not been shipped in a timely manner or the customer had changed his or her mind. On such occasions, despite their knowledge that the customer no longer wanted the product, the Defendants shipped it anyway, thereby causing the customer to incur further costs in shipping the product back to the Defendants and in paying a restocking fee.

12.    On many other occasions, the Defendants shipped and delivered products that were defective or damaged, that were missing parts, instructions, and product information, and, at times, that were the wrong product. In a number of instances, the Defendants simply failed to ship the ordered product at all.

13.    Upon notice of the defects and the problems from their customers, the Defendants refused to repair the products, refund the purchase price, and provide the necessary parts for the products.

14.    The Defendants also failed to adequately contain and/or package products in accordance with applicable shipping standards before shipping products to customers, frequently resulting in damage to the products during shipping.

15.    In refusing to repair, refund, or provide parts to its customers, and in failing to adequately contain and/or package products prior to shipping, the Defendants, *inter alia*:

a.    claimed that they themselves received the returned product in defective condition and would, therefore, not provide a refund;

b.    claimed that the Defendants' "damaged merchandise" and "defective and not complete merchandise" policies justified and supported the defendants' refusal; or

c.    refused to respond at all to customer inquiries.

16.    Many of the Defendants' customers, therefore, have been left with products that do not function according to the representations made by the Defendants on their website, or do not function at all, and without a refund of the purchase price of the product. Additionally, many of the Defendants' customers have had to pay for the return shipping and packaging of the defective products to the Defendants.

17.    On November 10, 2010 by stipulated judgment with the State of Connecticut, Mr. Smatko and Monica, LLC agreed to injunctions including the following:

6          The stipulation shall include the following
7     affirmative injunctive provisions:  The defendants
8     shall comply with Connecticut General Statutes
9     42a-2-314; Connecticut Regulation 42-110b-20;
10    Connecticut General Statutes 42-331; Connecticut
11    Regulation 42-110b-22; Connecticut General Statutes
12    42a-2-302; Connecticut General Statutes 42-110a.

The stipulation shall include the following prohibitive injunctions:

The defendants shall be prohibited from shipping products in packaging, e.g. boxes, that are insufficient to be used by consumers to return such packages to defendants -- such products to defendants. Excuse me.

The defendants shall be prohibited from requiring consumers, as a condition of any offer, to add or sup -- excuse me. This is -- we've got some changes on this. Requiring consumers, as a condition of any trial offer, risk-free offer, or any return provided for in the warranty, to add or supplement the padding and/or packaging material prior to the returning of a product to the

Defendants are violated -- defendants are prohibited from voiding or not honoring the warranty on electric bicycles based upon a consumer's assembly of said bicycle without the assistance of a bicycle, bike, or motorcycle shop.

Defendants are prohibited from requiring, in any warranty, a consumer to report any concealed defect or damage in any time period less than seven days.

**18.**    Gabor Smatko and Monica, LLC further agreed to pay restitution for consumers whose complaints were on file with the Office of the Attorney General of Connecticut as of the consent judgment date.

**19.**    In early 2014, the State of Connecticut filed a Motion for Contempt after finding that Gabor Smatko and Monica, LLC violated the 2010 Consent Order.

**20.**    On or about February 23, 2015 Gabor Smatko and Monica, LLC entered a Stipulated Post-Judgment Order resolving the 2014 contempt motion.

**21.**    The Stipulated Post-Judgment Order bound Gabor Smatko and Monica, LLC to injunctions including the following:

3.1.1    providing Consumers a seven (7) day period, from their receipt of a product, to inspect the product prior to rejecting it;

3.1.2    providing a full refund, including shipping costs incurred by Consumers, to Consumers who reject and return a product that is nonmerchantable;

3.1.3    adequately containing and packaging products in a manner to prevent them from getting damaged during shipping;

3.1.4    including applicable owner's manuals and product instructions within the container of each such product;

3.1.5   informing Consumers who identify themselves to the Defendants, either orally or in writing, as disabled or physically impaired and who attempt to purchase mobility scooters, electric bicycles and electric tricycles that such products are not suitable for individuals with disabilities or physical impairments;

3.1.6   restraining from seeking to collect a fee from Consumers for disputing a credit card charge relating to a purchase from the Defendants;

3.1.7   restraining from sending Consumers any communication that conveys a message that Consumers cannot refuse a shipment if the shipping container is distressed or open; and

3.1.8   Clearly and Conspicuously disclosing the warranty and return policy on the Defendants' website in understandable language and syntax.

22.    The stipulated Post-Judgment Order required Mr. Smatko and Monica, LLC to make additional restitution payments.

23.    On information and belief, Gabor Smatko and Monica, LLC obtained a favorable outcome in the settlements with the Attorney General of Connecticut by claiming to have insufficient funds to provide restitution without an extended payment plan.

24.    On information and belief, Gabor Smatko and Monica, LLC were intentionally dishonest about their financial status with the Attorney General of Connecticut.

25.    After entering the second stipulated judgment with the Attorney General of Connecticut, Gabor Smatko developed a sophisticated system of businesses to continue engaging in the unlawful business practices of Monica, LLC under the identity of new corporate entities.

26.    On December 23, 2019 a lawsuit was filed against the same Defendants identified in this suit, before the United States District Court for the District of Massachusetts under docket 3:19-cv-30168

alleging among other things, that Defendants engaged in fraud by knowingly selling defective goods and engaging in false advertising.

**27.**    On November 18, 2022, Judgment was entered in the Massachusetts case against the defendants for violation of (1) the Massachusetts Consumer Protection Act, (2) common law fraud, (3) common law conspiracy, (4) violation of the Uniform Fraudulent Transfer Act, and (5) violation of the Racketeer Influenced and Corrupt Organizations Act.

**28.**    Prior to entry of judgment in the Massachusetts case, Defendants were made aware of this pending lawsuit through their attorney.  An opportunity to resolve this dispute with Plaintiff Makuc and the class she seeks to represent was offered and declined.

**29.**    As of February 1, 2024, Gabor Smatko continues to operate the website www.mobility4less.com which served as the store for Mobilityless, LLC.  On information and belief, proceeds of sales are now deposited to bank accounts registered in the name of a different company owned by Gabor Smatko.

### FACTS AS TO MARY MAKUC AND THE PROPOSED CLASS

**30.**    Mary Makuc has a disability with partial paralysis in one of her legs.

**31.**    Eager to maintain an active lifestyle, Ms. Makuc sought to purchase an electric battery powered tricycle that would provide extra stability and allow her to safely exercise and enjoy the outdoors.

**32.**    On or about April 20, 2021 Ms. Makuc purchased the electric tricycle from the website www.mobility4less.com.

**33.**    Ms. Makuc paid $2,950.27.  The purchase price included an extended warranty, power booster, accessories and sales tax of $208.27.

**34.**    Ms. Makuc was told to pay for the tricycle by electronic check instead of a credit card "so that no one would hack into my credit card account."

**35.**    Ms. Makuc paid for the tricycle using an electronic check at the insistence of Defendant.

**36.**    On or about April 22, 2021, Ms. Makuc's payment of $2,950.27 was deposited by Defendants to the bank account registered to Mobilitytrend LLC located at MidFirst Bank with an account number ending in 127.

**37.**    Ms. Makuc did not authorize a payment to Mobilitytrend, LLC.

**38.**    On or about July 2, 2021 Ms. Makuc received a form email sent by Defendant to other victim-customers, warning about damaged goods being delivered.  The email stated:

We thrive to protect your investment.

However, sometimes an act of God renders our efforts in vain.

So we ask you that if your shipment is totally damaged when you receive it, take a note of such on the delivery paper and refuse it.

However, just by looking a punctured or otherwise crushed box does not mean that the item inside is damaged. Inspect it and if you find some minor issues, it is more logical to accept it and notifying us so we can send you the replacement parts than refusing the whole shipment.

This logical method can save your time and you will enjoy your trike sooner. Of course, we need you to take a note of such case on the delivery paper to protect you.

Why doing so helps you?

**1.** many times we use plastic components for packaging, which may break during shipment, and you think that is a part of the item. It is not, and your trike may have no damage at all. If you refuse it for such reason, the freight company will not compensate anybody and prolong the time of getting your replacement trike.

**2.** sending you a replacement fender or any other parts if they are bent or damaged will help you get on your tricycle a lot faster than waiting to get the old one back and ship you another one.

**39.**    On or about July 7, 2021 the tricycle was delivered to Ms. Makuc.

**40.**    The tricycle did not operate as advertised.

**41.**    Due to defects the tricycle was unstable and dangerous.

**42.**    The electronic monitor on the tricycle showed error symbols and there was no manual to explain what the errors were and/or how to fix them.

**43.**    The electronic components did not work even when the battery was fully charged.

**44.**    The tricycle did not come with a Certificate of Quality as was promised by Mobilityless, LLC.

**45.**    When Ms. Makuc contacted Mobilityless, LLC for assistance, they directed her to purchase a manual for the tricycle from Epizontech, LLC.  Ms. Makuc paid $16.00 to Epizontech for a manual which she never received.

**46.**    Mobilityless, LLC refused to exchange the tricycle, permit a return of the tricycle, or otherwise refund Ms. Makuc's payment for the tricycle.

**47.**    Defendants then stopped being responsive to Ms. Makuc.

**48.**    More than two months later, on or about September 19, 2021, Mobilityless, LLC made an unauthorized withdrawal from Ms. Makuc's bank account.  The transaction was facilitated by an unauthorized electronic check drawn from Ms. Makuc's bank account in the amount of $125.00.  A redacted copy of the check follows:



THIS DOCUMENT HAS A COLORED BACKGROUND AND MICROPRINTING. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK

MARY MAKUC                                                                                12295
571 MAIN RD
MONTEREY, MA 01245                    Berkshire Bank
                                                      Monterey, MA                  9/19/2021

Pay to the
Order Of:  MOBILITY                                                              $ 125.00

One Hundred Twenty Five Dollars and 00 Cents ******************************

MEMO:  liftgate fee                                    This draft authorized by your depositor
                                                            No Signature Required

**49.**    The $125 was deposited by Defendants to the Mobilityless, LLC bank account with TD Bank

ending in 7648.  The memo line of the check states "Liftgate Fee."

**50.**    Ms. Makuc was not notified of the transaction before it was completed and did not consent to the transaction.

**51.**    On or about September 20, 2021, Defendant Mobilityless, LLC and Gabor Smatko received a demand letter sent on behalf of Ms. Makuc pursuant to the Massachusetts Consumer Protection Act M.G.L. ch. 93A.

**52.**    Defendants did not respond to the demand letter.  Defendants did not make a written tender of settlement in response to the demand letter.

**53.**    The Defendant's counsel in the Massachusetts federal litigation knew about the 93A letter and all allegations and discussed same with counsel for Ms. Makuc.  Ms. Makuc, through her counsel, attempted to engage in discussions to resolve her claim, however Defendants through their counsel, refused to materially engage in discussions.

## CLASS ALLEGATIONS

**54.**     Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class.

**55.**    Plaintiffs seek certification of a single class as follows:

> a.   All persons within the United States, other than any of Plaintiff's counsel, who (1) purchased merchandise from Mobilityless, LLC through its website www.mobilityless.com; (2) during the time period from September 2018 to December 31, 2021; (3) who were charged a lift gate fee deposited to the Mobilityless, LLC bank account at TD Bank ending in 7648.

**56.**    The identities of all class members are readily ascertainable from the bank transaction records of Defendants and/or records held by third parties obtainable by subpoena.

**57.**    More than 500 individuals have been identified from the bank transaction records as having

been charged an unauthorized lift gate fee.

**58.**    Individuals residing in more than twenty different states have been identified from the bank transaction records as being charged an unauthorized lift gate fee.

**59.**    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

**60.**    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants engaged in unlawful conduct through advertisements on their website, and the sale of defective/nonconforming goods.

**61.**    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

**62.**    The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor Plaintiffs' attorneys have any interests, which might cause them not to vigorously pursue this action.

**63.**    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues

involving only individual class members.

(c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

64.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

65.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### CAUSES OF ACTION

## COUNT I

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION

### ACT M.G.L. c. 93a ET SEQ.

### (Gabor Smatko, Mobilityless, LLC)

66.     Plaintiff repeats, reiterates and reincorporates the allegations contained elsewhere in the complaint as if set forth herein with the same force and effect.

67.     The Massachusetts Consumer Protection Act M.G.L. c. 93A §2 renders "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be "declared unlawful."

68.     As the sole member and owner of Mobilityless, LLC, all actions of the company were directly conducted by or at the direction of Gabor Smatko.  Under the Massachusetts Consumer Protection Act,  Mr. Smatko is liable for the conduct of Mobilityless, LLC.

69.     Defendants Gabor Smatko and Mobilityless, LLC engaged in unfair and deceptive acts or practices in violation of the Massachusetts Consumer Protection Act including but not limited to the following:

   a.   Defendants failed to publish a clear return and/or refund policy in a manner that could be readily read and understood by the customer.

   b.   Defendants failed to honor its warranty agreements.

   c.   Defendants engaged in "Bait and Switch" advertising whereby they advertised goods on the website and a different good of lesser value to the customer.

   d.   Defendants falsely advertise having live representatives by phone.  Not a single victim was able to speak with a live representative of the company.

   e.   Defendants routinely charged customers additional unauthorized fees subsequent to the purchase transaction.

f.  Defendants charged customers sales tax under false pretenses without conveying the money to taxing authorities.

g.  Defendants engaged in false advertising as defined by and in violation of 940 C.M.R. 302.

h.  Defendants made deceptive advertising guarantees as defined by and in violation of 940 C.M.R 3.03.

i.  Defendants engaged in acts or practices utilizing deceptive pricing as defined by and in violation of 940 C.M.R. 3.04.

j.  Defendants made general misrepresentations as defined by and in violation of 940 C.M.R. 3.05.

k.  Defendants engaged in unfair or deceptive acts or practices in violation of 940 C.M.R. 3.13 by charging consumers an incorrect price for an item offered for sale, and by using deceptive pricing as defined by the regulation.

l.  Defendants engaged in unfair and deceptive trade practices as defined by 940 C.M.R. 3.13(4) by misrepresenting the seller's refund, return and/or cancellation policy, by failing to perform under a published policy, and/or by failing to clearly and conspicuously disclose the seller's refund return or cancellation policy.

m.  Defendants engaged in unfair and deceptive trade practices as defined by and in violation of 940 C.M.R. 3.15 by engaging in the substitution of products and by failing to deliver purchased goods.

n.  Defendants engaged in unlawful attempts to collect alleged debts incurred for personal, family, or household purposes where no money was owed. This violated M.G.L. 93A§49.

70.  On November 21, 2019 Defendants received by certified mail, a written demand for relief,

identifying Ms. Swenson and the class she seeks to represent, and reasonably describing the unfair and deceptive acts or practices relied upon and injuries suffered.

**71.**    In September, 2021, Gabor Smatko and Mobilityless, LLC received a written demand for relief reasonably outlining the wrongdoing of the Defendants in violation of the Massachusetts Consumer Protection Act and making a demand for relief.  The letter was sent pursuant to M.G.L. 93A c9.

**72.**    Defendants failed to respond to the letter or otherwise make a reasonable settlement offer in writing to resolve the dispute.

**73.**    Failure to respond to a pre-litigation letter sent pursuant to M.G.L. 93A c. 9 deems the conduct complained of to have occurred willfully and be subject to trebling of damages.

**74.**    All the Defendant's unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A.

**75.**    As a result of the defendant's conduct in violation of the Massachusetts Consumer Protection Act, Plaintiffs and all similarly situated individuals victimized by defendant's conduct are entitled to all relief afforded under the statute including but not limited to actual damages, statutory damages, trebled damages, injunctive relief, costs and attorney's fees.

## COUNT II

### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

### (Gabor Smatko, Monika Smatko)

**76.**    Plaintiff repeats, reiterates and reincorporates the allegations contained elsewhere in the complaint as if set forth herein with the same force and effect.

**77.**    Gabor Smatko is a person as defined by 18 U.S.C. §1961.

**78.**    Monika Smatko is a person as defined by 18 U.S.C. §1961.

**79.**    Plaintiff is a person as defined by 18 U.S.C. §1961.

**80.**    Each member of the proposed class is a person as defined by 18 U.S.C. §1961.

**81.**    Mobilityless, LLC regularly engaged in interstate commerce including the sale of goods through its website and the shipping of goods from Connecticut to other states in the continental United States including Florida, Utah, Massachusetts, Texas and California, New Jersey and Montana.

**82.**    Gabor Smatko is the founder, owner, and operator of Mobilityless, LLC.

**83.**    Gabor Smatko agreed to, conducted and participated in the operation of the enterprises affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding the Plaintiffs.

**84.**    Under the Racketeer Influence and Corruption Act a sole shareholder in a business is separate from the business enterprise for the purpose of the statute and is liable where the individual's conduct violates the statute.  *Cedric Kushner Promotions, Ltd v. King* 533 U.S. 158 (2001).

**85.**    Gabor Smatko engaged in conduct prohibited by 18 U.S.C. §1341 by developing a scheme to defraud customers of the Mobilityless, LLC enterprise by engaging in activity with the intent to defraud.

    a.    In the two years preceding this lawsuit, Gabor Smatko regularly advertised the sale of goods including new electric tricycles and bicycles on the website of Mobilityless, LLC.

    b.    Upon purchase of the goods, Gabor Smatko on behalf of the Mobilityless, LLC enterprise, hired private and/or commercial interstate carriers to transport the property to the victim customers.

    c.    In the two years prior to commencement of this lawsuit, Gabor Smatko knowingly shipped defective and/or damaged products to the victim customers in Missouri, Utah, Washington, New Jersey, California, Florida, and Montana.

d.     Each customer victim relied upon representations of Defendant that they would be receiving new operational goods meeting the description advertised.

e.     Gabor Smatko recruited and obtained assistance from other people including Monica Smatko and Chris Sullivan to conduct the unlawful racketeering conduct through a legitimate corporate enterprise.

86.     The specifics of three instances of the sale and shipment of goods to the Plaintiffs is described in the factual allegations portion of the pleading.

87.     Gabor Smatko engaged in conduct prohibited by 18 U.S.C. §1343 by devising a scheme to defraud customers of the Mobilityless, LLC enterprise by engaging in acts of wire fraud whereby Mr. Smatko used the banking information of customers to make unauthorized transfers of customer money deposited in accounts operated and/or controlled by Mr. Smatko and his businesses.

a.     In the two years preceding this lawsuit and continuing through the year 2021, Gabor Smatko regularly initiated unauthorized transfers of money from customer bank accounts to accounts registered in the name of Mobilityless, LLC.

b.     The unauthorized transfers of funds by wire occurred as separate transactions from the customer authorized purchases and were done without the knowledge or approval of the customer.

c.     Gabor Smatko facilitated more than 500 transfers in violation of 18 U.S.C. §1343 during the years 2018, 2019, 2020, and 2021, resulting in the receipt of more than $100,000 deposited to bank accounts registered to Mobilityless, LLC which were controlled and operated by Gabor Smatko.

d.     Gabor Smatko personally created or oversaw the creation of electronic checks initiating the unauthorized transfers and identified the transfers with terms including "liftgate."

e.    Gabor Smatko recruited and obtained assistance from other people including Monica Smatko, and Chris Sullivan to conduct the unlawful racketeering conduct through a legitimate corporate enterprise.

88.    The racketeering activity was committed with the intention of injuring the Plaintiffs and other customer victims of Mobilityless, LLC by separating them from their money, providing defective goods that did not comport with the items advertised and purchased, and implementing formalized procedures within the enterprise that made the possibility of a return or exchange of goods unlikely if not impossible.

89.    The Plaintiffs sustained monetary loss and/or injury to their property as a direct result of the racketeering conduct involving the interstate shipping of goods committed by the Defendants.

90.    Gabor Smatko engaged in conduct violating 18 U.S.C. §1692(b) by knowingly maintaining ownership or control of Mobilityless, LLC while the enterprise engaged in racketeering conduct.

91.    The racketeering conduct of Gabor Smatko was separate and apart from the legitimate business operations of the enterprise Mobilityless, LLC.

92.    The conduct of Gabor Smatko violated 18 U.S.C. §1962(c).

93.    The conduct of Gabor Smatko violated 18 U.S.C. §1962(d)

94.    Monica Smatko engaged in conduct violating 18 U.S.C. §1962(d) by knowingly agreeing to facilitate and/or aid Gabor Smatko in the operation or management of the enterprise within the two years preceding this lawsuit and during the litigation.

a.    Monica Smatko willfully formed multiple corporate entities at the instruction of Gabor Smatko.  Through Monica Smatko, the corporations received proceeds of the racketeering enterprise and assisted in the laundering of money.  Through Monica Smatko, the companies converted money obtained by the enterprise under false pretenses into real property and other assets.  This was all done in furtherance of the racketeering enterprise.

b.    Monica Smatko assisted Gabor Smatko in the preparation for and pursuit of small claims lawsuits against victims of Mobilityless, LLC that included the filing of false claims and accusations which were sent out of state by mail to the victims.  Among other things, Monica Smatko specifically appeared in Court to assist Gabor Smatko on one or more occasion prior to the dismissal of the small claims lawsuits.

c.    Monica Smatko had knowledge that Gabor Smatko was using Mobilityless, LLC to engage in unlawful conduct patterned after the predecessor business Monica, LLC d/b/a Omegastores.com.

d.    Monica Smatko knowingly assisted in generating and/or benefited from the use or investment of proceeds generated through the racketeering conduct of Mobilityless, LLC and Gabor Smatko.

**95.**    Kevin Smatko engaged in conduct violating 18 U.S.C. §1962(d) by knowingly agreeing to facilitate and/or aid Gabor Smatko in the operation or management of the enterprise.

a.    Kevin Smatko assisted Gabor Smatko in obtaining money from victims of the enterprise, by willfully giving access to a personal payments processing and banking account on behalf of Mobilityless, LLC, through Paypal, Inc.

b.    Kevin Smatko knowingly assisted in generating and/or benefited from the use or investment of proceeds generated through the racketeering conduct of Mobilityless, LLC and Gabor Smatko.

**96.**    Chris Sullivan assisted Gabor Smatko of engaging in racketeering conduct through the enterprise Mobilityless, LLC by and through the following unlawful conduct:

a.    As corporate designee, at the direction of Gabor Smatko, Chris Sullivan agreed to ignore legal documents including notices from the Commonwealth of Massachusetts, court documents, victim complaints, and legal service of process documents.

b.  By refusing legal documents at the direction of Gabor Smatko, Mr. Sullivan has assisted in prolonging the unlawful conduct of Gabor Smatko and Monica Smatko in the name of the legitimate business enterprise Mobilityless, LLC.

c.  Mr. Sullivan's conduct has assisted and enabled Gabor Smatko and Monica Smatko to evade the victim customers of their conduct pursued in the name of the legitimate business enterprise Mobilityless, llc.

**97.**    Gabor Smatko and Monica Smatko used proceeds obtained through the racketeering conduct to pay for the Fountain Hills Arizona home.

**98.**    Monica Smatko used proceeds obtained through the racketeering conduct to pay for the properties presently owned by Mogavike2020, LLC.

**99.**    Kevin Smatko has used proceeds obtained through the racketeering conduct to pay for living expenses as well as tuition to attend college at the University of Connecticut.

**100.**    The racketeering activity conducted by Gabor Smatko was a continuation of conduct he knew was unlawful based upon his Consent Judgments with the Attorney General of Connecticut.

**101.**    As a direct and proximate result of the conduct of Gabor Smatko's racketeering activities and violations of 18 U.S.C. §1862(C), Plaintiffs have been injured having suffered loss of money, property, and/or the diminution of value in property.

**102.**    As a direct and proximate result of the conduct of Monica Smatko's contribution to the racketeering scheme and violations of 18 U.S.C. §1862(C), Plaintiffs have been injured having suffered loss of money, property and/or the diminution of value in property.

**103.**    As a result of the conduct of Gabor Smatko and Monica Smatko in violation of RICO, Plaintiffs are entitled to all relief afforded under 18 U.S.C. §1964 including but not limited to recovery of damages, trebled damages, reasonable attorney fees, costs, and injunctive relief.

1

## COUNT III

2

3

### CONSPIRACY
(Gabor Smatko, Mobilityless, LLC, Monica Smatko, Epizontech, LLC, Fountainmoons, LLC, Hillsunion, LLC, Mobilitytrend, LLC, and Mogavike2020, LLC)

4

5

**104.**    Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6

7

**105.**    Each co-conspirator assisted in and contributed to the wrongful conduct causing injury to the Plaintiffs and similarly situated persons.  In addition to the contributions set forth elsewhere in the complaint, Plaintiffs identify the following conspiratorial conduct.

8

9

10

**106.**    Gabor Smatko contributed to the conspiracy by designing and operating the defendant corporations.  Mr. Smatko further contributed by maintaining financial, location, and business operations of the several entities as if there were no meaningful separation between them.  Mr. Smatko directly transferred assets freely between the entities to hide assets, shield assets from victims and creditors, and to make it appear as though the entities were less successful.  Mr. Smatko has been personally responsible for the ordering, shipping, advertising and sales of goods for the various companies.

11

12

13

14

15

16

17

18

**107.**    Monica Smatko contributed to the conspiracy by aiding in business operations for the several companies.  Monica Smatko provided deposition testimony that she formed multiple businesses at the request of Gabor Smatko and willfully followed his every request including allowing him to run business operations of her businesses on her behalf.  Monica Smatko further contributed to the conspiracy by using funds obtained under false pretenses from the businesses for day to day living expenses and household management.

19

20

21

22

23

24

25

**108.**    Mobilityless, LLC contributed to the conspiracy in ways outlined elsewhere in the pleading, including but not limited to selling goods under false pretenses, engaging in false advertising, making unlawful withdrawals/transactions from customer/victim bank accounts, and collecting fees under

26

27

28

false pretenses.  Mobilityless, LLC further contributed to the conspiracy by transferring assets to Epizontech, LLC, Mobilitytrend, LLC, and other corporate entities owned by the individual Defendants, in furtherance of the conspiracy to hide assets from creditor/victims.

**109.**    Epizontech, LLC has contributed to the conspiracy by receiving, using and holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.  Epizontech, LLC's website directly forwards to the website owned and operated by Mobilityless, LLC.  Epizontech, LLC provided office space to Mobilityless, LLC and shared shipping operations with the entity. Epizontech, LLC has directly received funds from Mobilityless, LLC and has directly contributed funds to other business operations of Gabor Smatko since this litigation commenced.

**110.**    Fountainmoons, LLC has contributed to the conspiracy by receiving, using, and holding assets procured from the proceeds of the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

**111.**    Hillsunion, LLC has contributed to the conspiracy by receiving, using, and holding assets procured from the proceeds of the wrongful conduct of Mobilityless, LLC and Gabor Smatko. According to the testimony of Monica Smatko, she formed HIllsunion, LLC at the request of Gabor Smatko.  Hillsunion, LLC is the title owner of five vehicles including a Porsche, two Mercedes and a cargo van.  Each vehicle had been registered to Gabor Smatko personally, then title was transferred to Monica Smatko at or around the time this litigation commenced, and subsequently Hillsunion, LLC was formed and took title to the vehicles.  A purpose of forming Hillsunion, LLC was to hide assets from victims and/or creditors.

**112.**    Mobilitytrend, LLC has contributed to the conspiracy by receiving, using, and holding assets procured from proceeds of the wrongful conduct of Mobilityless, LLC and Gabor Smatko. Mobilitytrend, LLC has directly received funds from goods sold through websites owned and operated by Mobilityless, LLC.  Mobilitytrend, LLC funded the acquisition of properties owned by Mogavike2020, LLC.  Mobilitytrend, LLC engaged in conduct moving funds and assets for a purpose

of hiding funds from potential victims and/or creditors. Since this litigation commenced, Mobilitytrend, LLC has received and/or transferred hundreds of thousands of dollars to Mobilityless, LLC, Epizontech, LLC, Monica, LLC, Mogavike2020, LLC, and other corporate entities owned by the individual defendants.

113.    Mogavike2020, LLC has contributed to the conspiracy by receiving, using and holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.  The deposition testimony of Monica Smatko makes clear that she formed the business Mogavike2020 at the request of Gabor Smatko and that she permitted him to control substantially all aspects of the business.  Since commencement of this litigation, Mogavike2020, LLC has directly received more than $70,000 in cash from Mobilitytrend, LLC and has purchased at least a total of seven real properties in cash, for more than $1,150,000.  The cash used to purchase property owned by Mogavike2020, LLC came from the proceeds of Mobilityless, LLC, Gabor Smatko and the related companies.

114.    Each co-conspirator took an overt act in assisting to deceive victims of the Defendants by assisting in the scheme to hide assets from creditors, engage unlawful and deceptive business conduct as defined under the Massachusetts Consumer Protection Act, and by otherwise defrauding customers.

115.    As a result of their contribution to the conspiracy, each co-conspirator is jointly and severally liable for the damages caused by each co-conspirator.

## **COUNT IV**

### **UNIFORM FRAUDULENT TRANSFER ACT**
**(Gabor Smatko, Monica Smatko, , Epizontech, LLC, Fountainmoons, LLC, Hillsunion, LLC, Mobilitytrend, LLC, and Mogavike2020, LLC)**

116.    Plaintiffs repeat, reiterate and incorporate the allegations contained within the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**117.**    Plaintiffs are creditors as defined by M.G.L. ch. 109A §2 of the Uniform Fraudulent Transfer Act.

**118.**    Gabor Smatko, and Mobilityless, LLC are debtors as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

**119.**    Monica Smatko is an insiders as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

**120.**    Epizontech, LLC, Fountainmoons, LLC, Hillsunion, LLC, Mobilitytrend, LLC, and Mogavike2020, LLC, are insiders as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

**121.**    The Uniform Fraudulent Transfer Act has a four year statute of limitations.

**122.**    On or about September 20, 2021, Gabor Smatko and Mobilityless, LLC received a demand letter pursuant to the Massachusetts Consumer Protection Act M.G.L. c. 93A outlining conduct set forth in the complaint.

**123.**    After Gabor Smatko and Mobilityless, LLC were aware of the Plaintiffs' claims, they began transferring assets.

**124.**    After September 2021, Mobilityless, LLC made transfers of funds to related entities including but not limited to the following:

    a.    Mobilityless, LLC transferred more than $10,000 to bank accounts registered to Epizontech, LLC.

    b.    Mobilityless, LLC transferred more than $219,000 to bank accounts registered to Mobilitytrend, LLC.

    c.    Mobilityless, LLC transferred $4,000 to Grand Canyon Title Company in connection with purchasing real property owned by Mogavike2020, LLC.

**125.**    After September, 2021, Mobilitytrend, LLC began receiving deposits from sales of merchandise conducted through the operations of Mobilityless, LLC.

**126.**    After September 2021, Mobilitytrend, LLC made transfers of thousands of dollars in connection with the acquisition of real property owned by or on behalf of the Defendants.    The transactions include the following:

>    a.    On or about September 21, 2021, Mobilitytrend, LLC paid $61,178.89 to Great American Title Agency, Inc. in connection with the acquisition of real property.

>    b.    On or about September 21, 2001, Mobilitytrend, LLC paid $165,000 to Great American Title Agency, Inc. in connection with the acquisition of real property.

**127.**    The transfer of assets from Mobilityless, LLC to the other corporate entities was done with the intent to hinder, delay, or defraud the Plaintiff creditors.

**128.**    As a result of the property transfers, Gabor Smatko, and Monica Smatko, are likely to have become personally insolvent.

**129.**    As a result of the asset transfers, Mobilityless, LLC is likely to have become insolvent.

**130.**    Transfer of the Wallingford Connecticut and Fountain Hills Arizona properties were fraudulent

**131.**    The transfer of assets from Mobilityless, LLC to the other corporate entities was fraudulent.

**132.**    Over time, including after September 2021, The Defendants have continued moving assets derived from the unlawful and deceptive sale of goods through Mobilityless, LLC into the purchase of real property owned by entities including Mogavike2020.

**133.**    On information and belief, the proceeds of Defendants derived through the unlawful business conduct of Mobilityless, LLC and its sister companies have amassed to real estate holdings exceeding $2,500,000 in unencumbered market value.

**134.** As a result of the wrongful conduct, Plaintiffs are entitled to all relief afforded under M.G.L. ch 109A §8 including but not limited to avoidance of the unlawful transfers to satisfy the creditors' claims, and injunctive relief against further disposition of the property and/or appointment of a receiver.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiffs as Class representative and Plaintiff's Counsel, as Class Counsel;

(b)    Awarding Plaintiffs and the Class statutory damages;

(c)    Awarding Plaintiffs and the Class actual damages;

(d)    Awarding trebled damages;

(d)    Awarding Plaintiffs costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated:  March 22, 2024                    By:    */s/ Yitzchak Zelman*
                                                 Yitzchak Zelman, Esq.
                                                 Marcus & Zelman, LLC

701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
Email: yzelman@marcuszelman.com
Attorney for Plaintiff

Adam Deutsch, Esq.
BBO 569173
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01106
(413) 285-3646
(BBO-569173)
Pro Hac Vice Motion to be Filed

COMPLAINT