**Adam Deutsch (MA 569173, *Pro Hac Vice*)**
**Northeast Law Group, LLC**
**P.O. Box 60717**
**Longmeadow, MA 01116**
**Phone: 413-285-3646**
**E-Mail: adam@northeastlawgroup.com**

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Makuc, and all similarly situated persons,<br><br>                    Plaintiff,<br><br>v.<br><br>Gabor Smatko, Monica Smatko, Mobilityless, LLC, Epizontech, LLC, Fountainmoons, LLC, HIllsunion, LLC, Mobilitytrend, LLC, Mogavike2020, LLC, and John Does I-X<br><br>                    Defendants. | NO.  2:24-cv-00633-ROS<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION PENDING ARBITRATION** |

## INTRODUCTION

The motion to compel arbitration must be denied.  Defendants have failed to meet their burden to demonstrate that Ms. Makuc (and/or other similarly situated person) reviewed, acknowledged and/or accepted the terms of service requiring

arbitration that currently exist on the Defendant's website. Ms. Makuc provides sworn testimony that she did not review, acknowledge or accept an arbitration clause or other terms of service at the time she made a purchase from www.mobility4less.com. Defendant's arguments are premised on evidence that as of April 2024, a customer cannot make a purchase from the website without clicking a box affirming acceptance of an arbitration clause. There are no records to demonstrate that this system was in effect when Ms. Makuc and the proposed class made their purchases. In prior litigation, Defendant admitted that any such records do not exist, were destroyed, or never maintained. Giving Defendant the benefit of the doubt, the determination of the Court is a question of credibility. The detailed history of multiple judgments demonstrating repeat acts of common law fraud, consumer fraud, and other wrongful by the Defendants, requires the Court's credibility question to be resolved in favor of Plaintiff at this stage of the litigation. Finally, the Court should further deny the motion because Mobilityless, LLC dissolved as a company in December 2022 and cannot take action to enforce an arbitration agreement.

# RELEVANT BACKGROUND

Defendant Mobilityless, LLC was a registered Massachusetts Corporation, dissolved by the Secretary of the Commonwealth of Massachusetts in December, 2022. [ECF 1 Complaint ¶6; **Exhibit E**]

In April 2021, Ms. Makuc purchased an electric tricycle from www.mobility4less.com, a website that was owned and operated by Gabor Smatko and Mobilityless, LLC. According to the Declaration of Gabor Smatko, "In June 2020, I added to the Website a 'Waiver' policy, specifically entitled 'Dispute Resolution Agreement & Class Action Waiver'" [ECF Doc16-1 Decl. Smatko ¶10] Exhibit 4 to the Declaration of Smatko is a current copy of the waiver policy. The policy contains an independent web-link www.mobility4less.com/waiver. Defendants present no documentary evidence demonstrating that the waiver was made available to Ms. Makuc in April 2021 or that she had actual knowledge of the waiver. Defendant provides evidence to the Court that as of April 2024, a customer making purchases from www.mobility4less.com (which is owned by a dissolved LLC), must affirmatively check a box agreeing to "the website terms and conditions." [ECF Doc 16-1 Decl. Smatko ¶19; Exhibit 7] There are no records provided by Defendant establishing that the requirement to affirmatively check a box agreeing to the terms and conditions was in place in April 2021. During prior

litigation, Mobilityless, LLC and Gabor Smatko disclosed that they did not have records pertaining the website from the relevant time period. [Decl. Deutsch ¶6-9]

Ms. Makuc' sworn declaration states "I did not check a box agreeing to arbitration and did not review an arbitration clause at the time I purchase goods from the website." [Decl. Makuc ¶20] "I would remember if there had been a requirement for me to click a box agreeing to website policies. I did not click on any links while visiting the website wwwmobility4less that were titled "Policy" or "Waiver." [Decl. Makuc ¶¶17-18]

In 2010, Defendant Gabor Smatko entered into a stipulated judgment with the State of Connecticut wherein he acknowledged engaging in wrongful conduct and consented to being subjected to injunctive provisions. [ECF 1 Complaint ¶17] In 2014, the State of Connecticut moved for contempt against Mr. Smatko for violating the 2010 injunctions which resulted in a stipulated post-judgment order. Id. ¶21] On November 18, 2022, Gabor Smatko and Mobilityless, LLC entered into a judgment for violation of (1) the Massachusetts Consumer Protection Act, (2) common law fraud, (3) common law conspiracy, (4) violation of the Uniform Fraudulent Transfer Act, and (5) violation of the Racketeer Influenced and Corrupt Organizations Act.

# LEGAL ARGUMENT

1. **To Prove an Enforceable Arbitration Agreement Exists, Defendants Must Demonstrate Contractual Terms Were Reasonably Communicated to Plaintiff and That the Contractual Terms Were Accepted.**

Arbitration is a matter of contract. *Rent-a-Center, West, Inc. v. Jackson* 561 U.S. 63, 67 (2010). Defendant's entire argument for the existence of a contract rests on a disputed question of fact: whether Ms. Makuc was presented with the arbitration clause prior to making a purchase with Mobilityless, and whether she clicked a box accepting the terms. Ms. Makuc disputes the allegation by sworn affidavit and Mobilityless, LLC has no contemporaneous records establishing that Ms. Makuc viewed and/or accepted the alleged terms of service when she purchased goods from Mobilityless, LLC via its website. Defendant fails to meet its burden and the motion to compel must be denied.

"[I]n deciding a motion to compel arbitration a court must first determine 'whether'… there exists a written agreement to arbitrate.'" *Cullinane v. Uber Techs., Inc.* 893 F.3d 53, 60 (1st Cir. 2018) (quoting *Combined Energies v. CCI, Inc.* 514 F.3d 168, 171 (1st Cir. 2008). The burden of proving the existence of an enforceable contract to arbitrate lies on the party seeking to compel arbitration. To satisfy the burden, the "party seeking to compel arbitration under the FAA must

demonstrate that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.* 638 F.3d 367, 375 (1st Cir. 2011).

Both Mobilityless, LLC and Ms. Makuc are Massachusetts residents and accordingly, Massachusetts contract law governs the inquiry of whether an agreement to arbitrate was entered. *Cullinane v. Uber Techs., Inc.* 893 F.3d 53 (1st Cir. 2018). The applicable test for determining whether a contract of adhesion is formed online involves a two-step inquiry. "The first inquiry is whether the contract terms were reasonably communicated to the plaintiffs. The second is whether the record shows that those terms were accepted and, if so, the manner of acceptance." Id. *Quoting Ajemian v. Yahoo!, Inc.,* 83 Mass. App. Ct. 565 (Mass. App. Ct. 2013)(see also *Fraga v. Premium Retail Servs., Inc.* 2023 U.S. Dist. LEXIS 215862 (D. Mass Dec 5, 2023).

   a. **Defendants Have Not Met Their Burden to Demonstrate The Terms of an Arbitration Contract Were Reasonably Communicated to Plaintiffs.**

Defendants do not satisfy their burden under the first prong of the test to establish that the arbitration contract terms were reasonably communicated to the Plaintiffs. Plaintiff's sworn declaration to the Court makes clear that she "did not

PLAINTIFF'S OPPOSTION TO
DEFENDANT'S MOTION TO COMPEL

6

see any policies relating to arbitration or the waiver of a right to pursue rights individually or by class action, at any time during the process of making the purchase from www.mobility4less.com." [Decl. Makuc ¶11] Ms. Makuc further declares that while she had communications with Mobilityless, LLC prior to purchasing the tricycle, she was never informed of, or otherwise made aware of an arbitration contract. Id. ¶14. Defendants have not provided the Court with computer records establishing that Ms. Makuc had actual knowledge of the arbitration policy, or that it was shown to her prior to this lawsuit. The only evidence presented by Defendant is testimony alleging that the arbitration terms were on the website as of the date of purchase by Ms. Makuc, however there is no testimony stating that the policy was shown to or otherwise reviewed by the purchaser. Available archival records of the www.mobility4less.com website do not indicate that customers were given actual notice of the arbitration policy as of 2021. [Decl. Deutsch; **Exhibits A-C**]

 Ordinarily, to satisfy the *reasonably communicated* test, the Defendant must show "the offeree has actual notice of the terms." *Kauders v. Uber Technologies, Inc.* 486 Mass. 557, 572 (Mass. 2021). The Massachusetts statute requires the terms to be provided in a "conspicuous" manner meaning the terms are "so written, displayed or presented that a reasonable person against which it is to operate ought

PLAINTIFF'S OPPOSITION TO   7
DEFENDANT'S MOTION TO COMPEL

to have noticed it." *Mass. Gen. Laws ch.* 106, §1-201(b)(10); *Mass. Gen. Laws ch.* 156 D, §1.40. There is no evidence of actual notice.

When actual notice cannot be proven, the Defendant must demonstrate constructive notice. Where "the terms of the agreement are only available by following a link, the court must examine the language that was used to notify users that the terms of their arrangement with [the service provider] could be found by following the link, how prominently displayed the link was, and any other information that would bear on the reasonableness of communicating [the terms]" *Cullinane v. Uber Techs., Inc.* 893 F.3d 53, 62 (1st Cir. 2018). In *Kauders*, the Massachusetts Supreme Judicial Court explained that a website interface requiring the user to independently open the terms, and/or take multiple steps to view them are factors constituting potential barriers to conspicuous disclosure. *Kauders v. Uber Technologies, Inc.* 486 Mass. 557, 573 (Mass. 2021).

At best, available records indicate that at the time Ms. Makuc purchased the electric tricycle, Mobilityless, LLC published information relating to arbitration on a separate page on its website that could only be located if the customer stopped shopping and independently clicked a button titled "waiver." [Dec. Deutsch; **Exhibit D**] Federal Courts routinely decline to enforce arbitration agreements disclosed in this manner. "At the other end of the spectrum are so-called

'browsewrap' agreements, in which a website offers terms that are disclosed only through a hyperlink and the user supposedly manifests assent to those terms simply by continuing to use the website." *Nguyen v. Barnes & Noble Inc.* 763 F.3d 1171, 1176 (9th Cir. 2014) A defining feature of a browsewrap agreement "is that the user can continue to use the website or its services without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists." *Id.* (quoting *Be In, Inc. v. Google Inc.,* No. 12-cv-03373-LHK (N.D. Cal. Oct. 9, 2013). In analyzing this type of disclosure, the Ninth Circuit Court of Appeals has explained "[b]ecause no affirmative action is required by the website user to agree to the terms of a contract other than his or her use of the website, the determination of the validity of the browsewrap contract depends on whether the user has actual or constructive knowledge of a website's terms and conditions." Id. (quoting *Van Tassell v. United Mktg. Grp., LLC*, 795 F. Supp. 2d 770, 790 (N.D. Ill. 2011)

Before the Court, there is no evidence that Ms. Makuc was made aware of the arbitration clause. Giving Defendant the most favorable view of available facts, at best, the website contained an arbitration clause tucked away within the far reaches of the site. "Where the link to a website's terms of use is buried at the bottom of the page or tucked away in obscure corners of the website where users are unlikely to see it, courts have refused to enforce the browsewrap agreement.

*Nguyen v. Barnes & Noble Inc.* 763 F.3d 1171, 1177 (9th Cir. 2014); *Gaker v. Citizens Disability, LLC* 654 F. Supp. 3d 66, 73 (D. Mass. 2023). Available evidence demonstrates that as of 2021, the arbitration language on the Mobilityless, LLC website was not provided clear visual placement. *See Keebaugh v. Warner Bros. Ent. Inc.* 2024 U.S. App. LEXIS 10170 at 27-28 (9th Cir. April 26, 2024) This Court follow the well respected view that brosewrap agreements are to be approached with skepticism and are to only be enforced when there is additional evidence provided by the moving party demonstrating the consumer was given direct ample notice of the arbitration policy with a meaningful opportunity to review the policy before becoming bound by it.

    b. **There is No Record to Establish that Plaintiff Accepted the Terms of an Arbitration Contract with Defendant.**

Plaintiff did not take action manifesting assent to be bound by the arbitration clause. Defendant has failed to demonstrate a "reasonable manifestation of assent." *Kauders v. Uber Technologies, Inc.* 486 Mass. 557, 573-4 (Mass. 2021). Where the consumer manifests assent to the terms by clicking a box, there is a presumption a contract was formed. *Id. At 574*; *Roberts v. Obelisk, Inc.* 2019 U.S. Dist. LEXIS 72065 at 18-20 (Southern Dist. CA April 29, 2019)(applying Massachusetts law). Ms. Makuc declares under oath that she did not click a box

PLAINTIFF'S OPPOSTION TO
DEFENDANT'S MOTION TO COMPEL      10

manifesting her intent to be bound by the policies, arbitration or otherwise of Mobilityless, LLC. Defendant has demonstrated that in 2024, a customer cannot purchase goods without affirming assent by clicking a box, however there is no record of this procedure being in place as of 2021.

Where no affirmative proof of assent to the policy is provided by the party seeking arbitration, the Court must "carefully consider the totality of the circumstances, and assent may be inferred from other actions the user(s) have taken. Where the connection between the action taken and the terms is unclear, or where the action taken does not clearly signify assent, it will be difficult for the offeror to carry its burden to show that the user assented to the terms." *Kauders v. Uber Technologies, Inc.* 486 Mass. 557 (2021).

The facts before the Court are significantly different from the circumstances of *Oberstein v. Live Nation Entertainment, Inc.,* where the Ninth Circuit applied California and Massachusetts law to find an enforceable arbitration agreement absent a circumstance where the individual clicked a box affirming the terms. In *Oberstein*, the Court explained that Live Nation presented the terms of service *three separate* times. To complete the transaction, the user was required to (1) create an account, (2) log into the account, and (3) complete a purchase. At each of these three stages, the notice was "conspicuously displayed directly above or

below the action button".  The language provided stated "By continuing past this page and clicking [the button], you agree to our Terms of Use" which, according to the Court established a clear manifestation of the user's intent to be bound. *Oberstein v. Live Nation Entm't, Inc.* 60 F.4th 505, 515-516 (9th Cir. 2023). "[C]rucially, the 'Terms of Use' hyperlink is conspicuously distinguished from the surrounding text in bright blue font, making its presence readily apparent." Id. Unlike the *Oberstein* circumstance, there is no affirmative evidence establishing that Ms. Makuc reviewed the terms or clicked a box acknowledging them.

Nor are the facts here similar to the circumstances of *Keebaugh v. Warner Bros. Ent. Inc.*, where the Ninth Circuit Court of Appeals used *Oberstein* to assess whether a user log in screen that expressly included acceptance of the terms of service could sufficiently establish assent to be bound by an arbitration agreement. *Keebaugh v. Warner Bros. Ent. Inc.* 2024 U.S. App. LEXIS 10170 (9th Cir. April 26, 2024).  In connection with its motion to compel arbitration, Warner Brothers provided the Court with proof that when the user manifested assent when they started to play a game on the website.  "Directly beneath the operative Play button is the following: 'By tapping Play I agree to the Terms of Service or By tapping Play I accept the Terms of Use and acknowledge the Privacy Policy, depending on

the app's version." Id. At 27 The Court further described the notice as having a "contrasting font color" that rendered it conspicuously displayed. Id.

Because the Defendant has failed to provide the Court with any visual record of what the website looked like at the time Ms. Makuc made her purchase, it cannot conclude that the clause was conveyed in a conspicuous manner and it cannot conclude that Ms. Makuc (and other customers) interacted with the website in a manner that established manifest assent to the arbitration clause.

   c. **Ms. Makuc's Purchase Through Mobility4less.com Was Received by a Different Company and Mobilityless, LLC Did Not Receive Consideration to be Bind Ms. Makuc to the Arbitration Agreement.**

Looking beyond the routine analysis applied to website contracts, there is a material question at this stage of the case as to whether an enforceable contract was formed between Ms. Makuc and Mobilityless, LLC. This question goes deeper than the inquiry of whether an arbitration contract was formed.

Formation of a contract requires an offer, acceptance, and the exchange of consideration. *Lambert v. Fleet Nat'l Bank* 449 Mass. 119 (2007). Mobilityless, LLC maintains a website at www.mobility4less.com which offers merchandise for sale. In April 2021, Ms. Makuc visited the website and accepted an offer to purchase goods from the website. There was never consideration exchanged

between Ms. Makuc and Mobilityless, LLC at the time of purchase. The Complaint alleges that "On or about April 22, 2021, Ms. Makuc's payment of $2,950.27 was deposited by Defendants to the bank account registered to Mobilitytrend LLC located at MidFirst Bank with an account number ending in 127. Ms. Makuc did not authorize a payment to Mobilitytrend, LLC." [ECF Doc 1 ¶36-37]

Consideration was delivered to Mobilitytrend, LLC. Ms. Makuc did not visit a website operated by Mobilitytrend, LLC, did not have an opportunity to review any terms of service and/or arbitration clauses drafted by that entity, and did not manifest intent to be bound by any agreements with Mobilityless, LLC by virtue of making a payment to Mobilitytrend, LLC. By operating multiple entities, interchangeably without notice to the customers, Defendants made it impossible for the Plaintiff to knowingly enter into a contract that would bind her to arbitration.

2. **As a Dissolved LLC, Mobilityless, LLC Cannot Compel Arbitration.**

On December 24, 2022, Gabor Smatko filed a sworn "Certificate of Cancellation" with the Secretary of the Commonwealth of Massachusetts, resulting in the dissolution of Mobilityless, LLC. [ECF 1, Complaint ¶6; **Exhibit E**] Under Massachusetts law, "[a] limited liability company administratively

dissolved continues in existence, but shall not carry on any business except that necessary to wind up and liquidate its affairs." M.G.L. ch. 156C, §70[1]. The Massachusetts Code further articulates that remaining permitted acts of a dissolved LLC include "prosecuting and defending suits," but makes no reference to attempting to pursue post dissolution arbitration. M.G.L. ch. 156C, §45. Following dissolution, what remains is "some dormant germ of life" that can only take action directly related to winding up the affairs of the entity. *Barker-Chadsey Co. v. W.C. Fuller Co.* 16 Mass. App. Ct. 1, 4 (Mass. App. 1983). Compelling arbitration is not a business act in connection with dipermitted post dissolution.

If the arbitration clause were enforceable, which it is not, the clause would exist as an option. Mobilityless, LLC would have the option to seek enforcement of the arbitration clause, or to waive it as it has done in prior litigation. The impact of M.G.L. ch. 156C, §70 has not been the subject of substantial case law, however the precedent available shows the dissolved entity cannot now exercise the option to pursue arbitration. In *485 Lafayette St. Acquisition, LLC v. Glover Estates, LLC*, 2012 Mass. Super LEXIS 207 (Sup. Ct. May 14, 2012), the Suffolk County Superior Court concluded that a dissolved LLC could not take action to exercise a

---

[1] The language of the corresponding Arizona statute similarly states "A limited liability company that is administratively dissolved continues in existence as an entity but may not carry on any activities except as necessary to wind up its activities and affairs and liquidate its assets…" A.R.S. §29-3708(D).

contract option that predated the dissolution. This is not a curable issue. The reinstatement provisions for a dissolved LLC in Massachusetts "G.L.c. 156C, §71, does not include a relation-back provision, as in contrast to the cognate provision of G.L.c. 156D, the Massachusetts Business Corporations Act." Id, at 17.

There is no alleged arbitration agreement between Ms. Makuc and any person other than Mobilityless, LLC. Having no ability to enforce the arbitration agreement as a dissolved entity, there is no remaining party that can assert rights to arbitration. The litigation should therefore move forward toward swift resolution before this Court.

## CONCLUSION

Defendants' Motion to Compel Arbitration must be denied. Mobilityless, LLC cannot assert its claimed option to arbitrate because it is a dissolved LLC and cannot take any action unless directly related to the winding down of the entity. Moreover, there is no binding arbitration agreement to enforce. Defendant has failed to demonstrate what information was shown to the customer at the point of sale. Ms. Makuc provides sworn testimony that she was unaware of and did not see any arbitration clause or class action waiver on the website when she purchased merchandise from www.mobility4less.com in April 2021. All available

information as to the actual contents of the website from the time in question demonstrate that at best, the disclosure of an arbitration clause was not reasonably conveyed and there was no manifestation of assent by Ms. Makuc to the terms. The matter must proceed before this Court.

DATED this 10th day of May, 2024

*/s/ Adam Deutsch*
Adam Deutsch, Esq
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
*Attorneys for Plaintiffs*

**CERTIFICATION OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic filing to all CM/ECF Registrants.

*/s/ Adam Deutsch*